*NOT FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. CROIX
             APPELLATE DIVISION
```

| | |
|---|---|
| JOHNNNY MARTINEZ, | ) D.C. Civ. APP. NO: 2005/052 |
| | ) Sup. Ct. Civ. NO: 568/2003 |
| Appellant, | ) Sup.Ct.Crim. NO: F156/1997 |
| | ) |
| v. | ) |
| | ) |
| IVER A. STRIDIRON, ATTORNEY GENERAL | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: June 15, 2007
Filed: February 26, 2008

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Ann Washburn, Esq.**
St. Croix, U.S.V.I.
  Attorney for Appellant.

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
  Attorney for Appellee.

**Memorandum Opinion**

Per Curiam.

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. APP. NO. 2005/0052
Memorandum Opinion
Page 2

This matter is before the Court on 1) Appellant's, Motion to Request Certificate of Probable Cause; 2) The Government's, Motion to Dismiss for Lack of Jurisdiction; and 3) Appellant's Opposition to the Government's Motion to Dismiss for Lack of Jurisdiction.

**I. Issue**

Whether the trial court satisfied the requirements set forth in Virgin Islands Rule of Appellate Procedure 14(b).

**II. Facts and Procedural History**

Appellant, Johnny Martinez ("Appellant" or "Martinez") pled guilty to Second Degree Murder and Unauthorized Possession of a Firearm in the Superior Court of the Virgin Islands and was sentenced to a total of eighty-five (85) years incarceration. Upon his timely motion, his sentence was reduced to forty-five (45) years. Martinez filed a Petition for Writ of Habeas Corpus on November 24, 2004. The trial court denied his Petition and his Motion for Reconsideration, which followed. On March 3, 2005, Martinez filed a timely Notice of Appeal and the Order Setting Aside Appeal Bond was signed on even date. On March 24, 2005, the Virgin Islands Attorney General's Office ("Appellee" or "Government") filed, with this Court, its Motion for Compliance with Virgin Islands Rule of Appellate Procedure ("VIRAP") 14(b).

On April 26, 2005, this Court remanded the case for compliance with VIRAP 14(b). However, on December 22, 2005, the

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. APP. NO. 2005/0052
Memorandum Opinion
Page 3

trial court judge who denied the writ, issued a memorandum opinion holding that the certificate of probable cause requirement of VIRAP 14(b) is a substantive rule of law and not a rule of procedure and as such, exceeds the rule-making authority of this court. The trial court's opinion further held that VIRAP 14(b) "is an attempt by the Appellate Division of the District Court to create additional rights for habeas petitioners."

Based upon the reasons cited in that memorandum opinion, the trial court declined to issue a certificate of probable cause or adhere to the requirements of VIRAP 14(b). On January 11, 2006, Appellant filed, in this Court, a Motion to Request a Certificate of Probable Cause. On June 23, 2006, Appellee filed its Informational Motion alleging that there was no merit to the substantive issue of Appellant's appeal, but that there was a procedural question of first impression raised by the trial court's refusal to issue a certificate of probable cause.

On January 17, 2007, Martinez, through counsel, filed a brief on the merits challenging the denial of his Petition for Writ of Habeas Corpus. On March 5, 2007, the Government filed its Motion to Dismiss for Lack of Jurisdiction. The Government's Motion was predicated upon the argument that an appeal of a denial of a petition for writ of habeas corpus may not proceed without either a certificate of probable cause, or a statement of

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. APP. NO. 2005/0052
Memorandum Opinion
Page 4

the reasons why the court is declining to issue the certificate, pursuant to VIRAP Rule 14(b).

### III. Discussion

#### A. Jurisdiction and Standard of Review

This Court may review the judgments and orders of the Superior Court in civil cases. *See* Act No. 6687 (2004); Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a.[1] This Court exercises plenary review over questions of law. *Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001); *Peters v. Government of the Virgin Islands*, LEXIS 1287 (D.V.I. 2002).

#### B. The Trial Court Satisfied the Requirements Set Forth in Virgin Islands Rule of Appellate Procedure 14(b).

VIRAP 14(b) reads in pertinent part:

> (b) **Necessity of Certificate for Probable Cause for Appeal.** An appeal by the applicant from the order of the Superior Court denying the writ of habeas corpus may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause. If the Superior Court judge declines to issue the certificate, the judge shall state the reasons why such a certificate should not be issued . . . .
> If the applicant demonstrates that the Superior Court judge has denied the certificate, the notice of appeal shall be considered as a request to the Appellate Division for a certificate, and the request may be

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *Reprinted in* V.I. Code Ann. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. Code Ann. tit. 1).

considered by the Presiding Judge, or any other judge designated by the Presiding Judge, or by a panel of the Appellate Division. VIRAP 14(b).

The Appellant contends that he is without recourse to have a court rule on the merits of his habeas corpus petition because the trial court declined to issue a certificate of probable cause or state the reasons for its refusal. The Government contends that although jurisdiction vests upon filing of the notice of appeal, this Court is without jurisdiction because the Superior Court failed to comply with VIRAP 14(b) and the Appellant has otherwise failed to establish jurisdiction.

## IV. Conclusion

The Appellant has sufficiently demonstrated that the trial court denied the certificate of probable cause, pursuant to VIRAP 14(b).[2] Accordingly, we shall remand this matter with the instruction that the Presiding Judge of the Superior Court shall assign Appellant's request for a certificate of probable cause to a Superior Court Judge or consider this matter himself. See VIRAP 14(b). If a Superior Court Judge declines to issue a certificate of probable cause, that judge shall provide a reason based on the

---

[2] The trial court, in its eagerness to object to the validity of VIRAP 14(b), has stumbled into compliance with the rule. In voicing its objections to the validity of VIRAP 14(b), the trial court's December 22, 2005 memorandum "state[d] the reasons why such a certificate should not be issued[,]" and in effect, has clearly satisfied the requirements of VIRAP 14 (b) by declining to issue the certificate of probable cause. VIRAP 14(b).

record for his or her refusal to issue such certificate.