## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX
### APPELLATE DIVISION

JOHNNNY MARTINEZ,

                Appellant,

          v.

IVER A. STRIDIRON, ATTORNEY GENERAL
GOVERNMENT OF THE VIRGIN ISLANDS,

                Appellee.

) D.C. Civ. APP. NO: 2005/052
) Sup. Ct. Civ. NO: 568/2003
) Sup.Ct.Crim. NO: F156/1997
)
)
)
)
)
)
)
)

## ORDER

THIS MATTER is before the Court on the Appellant's ("Appellant" or "Martinez") motion to suspend the requirements of VIRAP 14(b). However, prior to addressing the merits of Martinez' motion, we first make a jurisdictional determination peculiar to the recent change in U.S. Virgin Islands appellate court structure.[1]

---

[1] At the time Martinez filed his notice of appeal, the appellate division of this Court exercised jurisdiction over all appeals arising out of the Superior Court. However, during the pendency of Martinez' appeal, the Supreme Court of the Virgin Islands was established, and on January 29, 2007, began exercising jurisdiction over all newly-filed appeals. This Court, however, retained jurisdiction over all appeals pending on our docket, filed prior to January 29, 2007. *See supra* note 3; *see also Hodge v. Bluebeard's Castle, Inc.*, 2010 U.S. App. LEXIS 18081, at *1 (3d Cir. Aug. 27, 2010) ("The jurisdictional problem is somewhat peculiar due to the change in court structure and appellate review in the Virgin Islands that occurred during the course of the litigation.").

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. APP. NO. 2005/0052
ORDER
Page 2

Martinez originally filed a petition for writ of habeas corpus in the Superior Court of the Virgin Islands. The Superior Court denied the petition and Martinez appealed to this Court's appellate division. On review, we observed that the Superior Court did not issue the certificate of probable cause required for Martinez to properly appeal the lower court's decision under our governing rules.[2] Consequentially, we issued a record remand ordering the Superior Court to issue said certificate or explain why it declined to issue the certificate.

When the Superior Court failed to act on the remand, Martinez pursued a petition for writ of mandamus in the newly-established Supreme Court of the Virgin Islands.[3] However, the

---

[2] VIRAP 14(b) reads in pertinent part:

> (b) **Necessity of Certificate for Probable Cause for Appeal.** An appeal by the applicant from the order of the Superior Court denying the writ of habeas corpus may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause. If the Superior Court judge declines to issue the certificate, the judge shall state the reasons why such a certificate should not be issued . . . .

*Id.*

[3] Under the terms of the Revised Organic Act of 1984, the appellate division of the District Court retained jurisdiction over appeals from the local Virgin Islands courts pending the establishment of a local appellate court. 48 U.S.C. § 1613a. In turn, the Third Circuit Court of Appeals retained jurisdiction over appeals from final decisions of the Virgin Islands District Court "on appeal from the courts established by local law." *Id.* at § 1613a(c). On October 29, 2004, Virgin Islands Governor Turnbull approved Act No. 6687, which established a Supreme Court of the Virgin Islands as "the highest court of the Virgin Islands" and "the supreme judicial power of the Territory." *See Pichardo v. V.I. Comm'r of Labor*, 613 F.3d 87, 94 (3d Cir. 2010); *Russell v. DeJongh*, 491 F.3d 130, 132, 48 V.I. 1062 (3d Cir. 2007); *see also* 2004 V.I. Sess. Laws 179, Act No. 6687 (B. No. 25-213) (codified as amended in scattered sections of V.I. Code Ann. tit. 4). The Supreme Court of

Johnny Martinez v. Government of the Virgin Islands
D.C. Civ. APP. NO. 2005/0052
ORDER
Page 3

Supreme Court dismissed the petition for want of jurisdiction because it held that we retained jurisdiction when we issued a limited record remand on the certificate of probable cause issue.

Subsequently, Martinez filed the instant motion, in this Court, seeking to suspend the requirements of VIRAP 14(b).[4] Prior to addressing the merits of this motion, however, we must first properly satisfy ourselves of our own jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (appellate courts have an obligation to satisfy themselves of jurisdiction).

Ordinarily, we would retain jurisdiction over this remanded matter and once the record had been satisfied and the remand fulfilled, we would convene to hear this matter on the full record. However, during the pendency of this original appeal, the Supreme Court of the Virgin Islands assumed exclusive jurisdiction over appeals arising out of the Superior Court of

---

the Virgin Islands began exercising its jurisdiction on January 29, 2007. *See Hypolite v. People of Virgin Islands*, S.Ct. Crim. No. 2007-135, 2009 WL 152319, at *2 (V.I. 2009). However, in the wake of the Virgin Islands Supreme Court's jurisdiction, the appellate division of the district court retained jurisdiction over pending appeals filed prior to June 29, 2007. *Id.*; *see also Gabriel Joseph v. People of the Virgin Islands*, 2008 U.S. Dist. LEXIS 107654, at *17 (B.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains jurisdiction over all pending appeals filed prior to January 29, 2007).

[4] Martinez' arguments are premised on several grounds, including that VIRAP 14(b) is unconstitutional and violates the separation of powers doctrine.

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
ORDER
Page 4

the Virgin Islands.[5]   January 29, 2007 is the clear line of

demarcation dividing when the Supreme Court assumed

jurisdiction, and this Court's jurisdiction over newly-filed

appeals came to an end. However, conflicting authority makes the

bright line less clear where our continued jurisdiction over our

record remands is concerned.

On one hand, the Supreme Court of the Virgin Islands has

made it clear that the District Court's appellate division

continues to exercise jurisdiction over our post-January 29,

2007 record remands.[6] *See Hypolite v. People of Virgin*

---

[5] Under the terms of the Revised Organic Act of 1984, the Appellate Division
of the District Court retained jurisdiction over appeals from the local
Virgin Islands courts pending the establishment of a local appellate court.
48 U.S.C. § 1613a. In turn, the Third Circuit Court of Appeals retained
jurisdiction over appeals from final decisions of the Virgin Islands District
Court "on appeal from the courts established by local law." *Id.* § 1613a(c).
On October 29, 2004, Virgin Islands Governor Turnbull approved Act No. 6687,
which established a Supreme Court of the Virgin Islands. *See Russell v.
DeJongh,* 491 F.3d 130, 132, 48 V.I. 1062 (3d Cir. 2007); 2004 V.I. Sess. Laws
179, Act No. 6687 (B. No. 25-213) (codified as amended in scattered sections
of V.I. Code Ann. tit. 4). The Supreme Court of the Virgin Islands was
established "as the highest court of the Virgin Islands" and granted "the
supreme judicial power of the Territory" and commenced exercising its
jurisdiction on January 29, 2007. *Pichardo v. V.I. Comm'r of Labor,* 613 F.3d
87, 94 (3d Cir. 2010); *Hypolite v. People of Virgin Islands,* S.Ct. Crim. No.
2007-135, 2009 WL 152319, at *2 (V.I. 2009). However, the Appellate Division
of the district court maintained jurisdiction over pending appeals filed
prior to June 29, 2007. *Id.; see also Gabriel Joseph v. People of the Virgin
Islands,* 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9,
2008)(the Appellate Division maintains jurisdiction over all pending appeals
filed prior to January 29, 2007).

[6]      In a record remand, [an appellate] court retains jurisdiction
over the case, i.e., jurisdiction over the case remains with
[the] court, but the record is returned to the trial court. In
those circumstances, the trial court may be directed to clarify
or amplify some portion of the record, to make additional
findings, to hear further testimony, or to explain a ruling. The
point of such a remand is to give the trial judge the opportunity

*Islands,* S.Ct. Crim. No. 2007-135, 2009 WL 152319, at *2 (V.I.
2009)(the Appellate Division retains jurisdiction over record
remands). On the other, in contrast to the Supreme Court's
position, the Third Circuit Court of Appeals has held that, the
Supreme Court of the Virgin Islands exercises exclusive
jurisdiction over all post January 29, 2007 appeals arising from
the Superior Court. *See Hodge v. Bluebeard's Castle, Inc.,* 2010
U.S. App. LEXIS 18081, at *25 (3d Cir. Aug. 27,
2010)(unpublished)(in record remand context, "because the Virgin
Islands Supreme Court was created during the pendency of this
appeal, **any** subsequent appeal from the Superior Court after
remand must be taken to the Virgin Islands Supreme Court"].
While the Supreme Court and the Third Circuit appear to hold
differing opinions concerning this Court's jurisdiction over
record remands, both appellate Courts agree that, "the Virgin
Islands Supreme Court, [possesses] an authoritative voice on

---

to complete or clarify the record so that this court will have an
adequate basis for review of the trial court's rulings. The trial
court does not, however, have the authority to amend the ruling
that is on appeal.... A "case" remand, on the other hand, returns
the case to the trial court for all purposes. [The appellate]
court retains no jurisdiction over the case and the appeal is
terminated. If, after a case remand, a party is dissatisfied with
the action of the trial court, the only course available to
obtain review in [the appellate] court, is to file a new notice
of appeal, once a final order or judgment is entered. That appeal
is a new appeal, separate from the previous appeal that was
terminated       when       the       case       was       remanded.

*Hypolite v. People of Virgin Islands,* 2009 WL 152319, at *3 (V.I.
2009).

*Johnny Martinez v. Government of the Virgin Islands*
D.C. Civ. APP. NO. 2005/0052
ORDER
Page 6

matters of Virgin Islands law." *see Pichardo v. V.I. Comm'r of Labor*, 613 F.3d 87, 95 (3d Cir. 2010). As such, in deference to the Supreme Court of the Virgin Islands' interpretation of local law, we conclude that we do indeed continue to exercise jurisdiction over this matter. Accordingly, the premises duly considered it is hereby

ORDERED that we continue to hold jurisdiction over this appeal, post-remand. It is further,

ORDERED that the Clerk of the Court shall re-open this matter.

SO ORDERED this __3__ day of November 2010.

FOR THE COURT:

RAYMOND L. FINCH
Senior Sitting
District Court Judge

A T T E S T:

WILFREDO F. MORALES

Clerk of the Court

By: _____

Deputy Clerk