IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

APPELLATE DIVISION

| | | |
|---|---|---|
| JOHNNY MARTINEZ, | ) | D.C. Civ. App. No. 2005-0052 |
| | ) | |
| Appellant, | ) | Super. Ct. Case No.  SX-03-CV-568 |
| v. | ) | |
| | ) | |
| IVER STRIDIRON, Attorney | ) | |
| General and the GOVERNMENT | ) | |
| OF THE VIRGIN ISLANDS, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Maria M. Cabret, Judge Presiding

Considered: May 13, 2011
Filed: July 1, 2011

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the
Virgin Islands; **JUAN R. SANCHEZ**, Judge of the District Court,
Eastern District of Pennsylvania, sitting by designation; and
**MICHAEL C. DUNSTON**, Judge of the Superior Court of the Virgin
Islands, Division of St. Thomas and St. John, sitting by
designation.

Attorneys:

**Anna Washburn, Esq.**
St. Croix, U.S.V.I.
        For the Appellant,

**Tiffany V. Monrose, Esq. AAG**
St. Thomas, U.S.V.I.
        For the Appellees.

MEMORANDUM OPINION

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 2

**Per Curiam.**

This appeal arises out of the trial court's denial of the Appellant's petition for writ of habeas corpus challenging his conviction for second degree murder and unauthorized possession of a firearm.

## I.   FACTUAL AND PROCEDURAL POSTURE

On June 4, 1997, Johnny Martinez, ("Martinez" or "Appellant") was charged with first degree murder and unauthorized possession of a firearm during the commission of the crime of violence stemming from the May 23, 1997, murder of Ean Pemberton outside of the Pueblo Supermarket on St. Croix. On November 6, 1997, Martinez entered an *Alford*[1] plea to second degree murder and unauthorized possession of a firearm.

As part of the plea agreement, the prosecution recommended consecutive sentences of thirty-five years for second degree murder and ten years for unauthorized possession of a firearm. (App. at 3.) However, the Superior Court[2] judge sentenced

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands.  *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).  Recognizing this renaming, we employ the term Superior Court throughout this opinion.

*Johnny Martínez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 3

Martinez to life imprisonment on the second degree murder

charge and 10 years for the firearm charge. On December 19,

1997, the trial judge amended Martinez' sentence to a term of

75 years for second degree murder and 10 years on the firearm

charge, to be served consecutively, thereby remanding Martinez

to the Virgin Islands Bureau of Corrections for a total of 85

years.  Martinez appealed on the basis that his amended

sentence on the second degree murder conviction violated the

eighth amendment of the Constitution. This Court denied that

appeal on November 23, 1999, in *Gov't of the Virgin Islands v.*

*Martinez*, 42 V.I. 146 (D.V.I. App. Div. 1999).

After his appeal was denied, Martinez moved the trial

court for a further reduction in sentence pursuant to [Super].

Ct. R. 136.[3] On February 23, 2000, the trial judge reduced

Martinez' sentence to a period of 35 years for the second

degree murder conviction and 10 years for the unauthorized

---

[3]     The court may correct an illegal sentence at any time
        and may correct a sentence imposed in an illegal
        manner within the time provided herein for the
        reduction of sentence. The court may reduce a
        sentence within 120 days after the sentence is
        imposed, or within 120 days after any order or other
        mandate issued upon affirmance of the judgment or
        dismissal of the appeal, received by the court has
        become final by reason of the expiration of the time
        limited for further appeal or review.

[Super.] Ct. R. 136 (2000).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 4

possession of a firearm conviction, with the sentences to run

consecutively.[4] (App. at 4.)

On January 14, 2003, Martinez filed the petition for writ

of habeas corpus that gives rise to this appeal.[5] Therein, he

argued that V.I. CODE ANN. tit. 14, § 923(b) ("Section 923(b) or

§923(b)") was unconstitutionally vague for lack of a maximum

sentencing provision.[6] He also argued that he was denied equal

protection because he received a harsher sentence than others

who were found guilty of, or pled guilty to, second degree

murder during his sentencing year.[7]  On September 29, 2003,

────────────

[4] Martinez was further given credit for time served during his
pre-trial detention and does not challenge his conviction on
the firearm charge.

[5] That case was docketed as Super.Ct.Case No. SX-03-CV-568 and
was assigned to Judge Cabret.

[6] Punishment for murder

> (a) Whoever commits murder in the first degree shall
> be imprisoned for the remainder of his natural
> life without parole.

> (b) Whoever commits murder in the second degree
> shall be imprisoned for not less than five (5)
> years, provided, that if such second degree
> murder was perpetrated upon a law enforcement
> officer while such officer was engaged in the
> performance of his official duties, the
> perpetrator shall be imprisoned for not less
> than ten (10) years.

14 V.I.C. § 923.

[7] Martinez abandoned this argument on appeal.

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 5

Martinez also filed an amending petition arguing that he was denied due process because the sentencing judge was biased where the victim was the nephew of the judge's bailiff, and that bailiff was permitted to work in such capacity during Martinez' plea and sentencing proceedings.[8]

On October 29, 2004, Judge Edgar Ross denied Martinez' petition for writ of habeas corpus. Judge Ross' order noted that the Constitution permits trial judges wide latitude to exercise sentencing discretion and that, absent any indication of bias on the record, it could not conclude that Martinez was denied a fair and impartial proceeding.[9] (App. at 6-7.) After the trial court denied Martinez' motion for reconsideration, this appeal followed.

## II.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction "to review the judgments and orders of the [Superior Court] in all . . . civil habeas corpus cases and criminal cases in which the defendant has been

---

[8] On October 14, 2003, Judge Cabret recused herself from Martinez' petition for writ of habeas corpus. (App. at 5.)

[9] Judge Ross also noted that,

> The fact that the sentence was substantially reduced upon Petitioner's timely motion further undermines Petitioner's argument that he is entitled to have his sentence reviewed.

(App. at 8.)

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 6

convicted, other than on a plea of guilty."[10] *Smith v. Stridiron*, 2008 U.S. Dist. LEXIS 107739, at *3-4 (D.V.I. App. Div. February 27, 2008); *see also* V.I. CODE ANN. tit. 4, § 33 (2006). Notwithstanding this statutory limitation, it is well-settled that our appellate jurisdiction also extends to convictions resulting from guilty pleas where colorable constitutional claims are raised. *See Gov't of the Virgin Islands v. Warner*, 48 F.3d 688, 691-92 (3d Cir. 1995); *see also Elmour v. Gov't of the Virgin Islands*, 2010 U.S. Dist. LEXIS 140871 (D.V.I. App. Div. Oct. 22, 2010); *Henry v. Gov't of the Virgin Islands*, 340 F. Supp. 2d 583, 585-86 (D.V.I. App. Div. 2004). Martinez raises colorable constitutional claims where he argues that the sentence imposed was constitutionally impermissible and that judicial bias denied him due process. *See, e.g., Gov't of the Virgin Islands v. Martinez*, 1999 U.S. Dist. LEXIS 20045 (D.V.I. App. Div. 1999).

---

[10] *See, e.g., Gabriel Joseph v. People of the Virgin Islands*, 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains jurisdiction over all pending appeals filed prior to January 29, 2007); *see also Hypolite v. People*, 2009 WL 152319, at *2 (Jan. 21, 2009)(same).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 7

## A. Habeas Petition

Where a trial court rules on a habeas petition without conducting an evidentiary hearing, our review is plenary. [11] *See, e.g., Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009); *Baldwin v. Diguglielmo*, 404 Fed. Appx. 642, 644 (3d Cir. 2010); *see also Oveson v. People of the V.I.*, 2011 U.S. Dist. LEXIS 45540 (D.V.I. App. Div. Apr. 24, 2011); *Ibrahim v. Gov't*, 2008 V.I. Supreme LEXIS 20, 2008 WL 901503, at *1 (March 26, 2009). Habeas review is an extraordinary remedy. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations omitted); *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985). To prevail on a habeas appeal, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). The

---

[11] Statutory interpretation, jurisdictional issues and legal error are subject to plenary review. *Gov't of the Virgin Islands v. Texido*, 89 F. Supp. 2d 680, 683, 42 V.I. 217 (D.V.I. App. Div. 2000); *Charleswell v. Gov't of the Virgin Islands*, 167 F.R.D. 674, 678 (D.V.I. App. Div. 1996). The trial court's findings of fact are reviewed for abuse of discretion. *Rivera v. Gov't of the Virgin Islands*, 635 F. Supp. 795, 798 (D.V.I. App. Div. 1986).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 8

burden is upon the petitioner to attack the validity of the

judgment under which he is imprisoned. *See Ex rel. Soto*, 1921

U.S. Dist. LEXIS 808 (D.V.I. 1921).

### B. Sentencing

Setting penalties for particular crimes is a legislative

function that is accorded great deference by the judiciary. *See*

*Rummel v. Estelle*, 445 U.S. 263, 275-76, (1980); *see also Gov't*

*of the Virgin Islands v. Cruz*, 478 F.2d 712, 719 (3d Cir.

1973). In general, the severity of a sentence is not subject to

substantive review so long as it falls within the statutory

limits.[12] *Chick v. Gov't of the Virgin Islands*, 941 F. Supp. 49

(D.V.I. App. Div. 1996). Where a sentence imposed by the trial

judge is reviewed, it is scrutinized only for abuse of

discretion. *Gov't of the Virgin Islands v. Grant*, 1984 U.S.

Dist. LEXIS 16265 (D.V.I. App. Div. 1984).

### C. Reconsideration

Generally, the denial of a motion for reconsideration is

reviewed for abuse of discretion. *McAlister v. Sentry Ins. Co.*,

958 F.2d 550, 553 (3d Cir. 1992). However, because an appeal

---

[12] Fixing the limits of the punishment to be imposed for crime is
a legislative function. *United States v. Wallace*, 3269 F.2d 394
(3d Cir. 1959). It is the duty of the trial judge to impose the
sentence which it regards as appropriate within the limits thus
fixed and if it does so its action will not be disturbed on
appeal. *Id.*

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 9

from a denial of a motion for reconsideration necessarily

raises the underlying judgment for review, the standard of

review varies with the nature of the underlying judgment."

*United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992).

Thus, any legal issues are subject to plenary review, any

factual issues are reviewed for clear error, and any issue

ordinarily subject to review under the abuse of discretion

standard will receive such review. *Bryan v. Todman*, 1993 U.S.

Dist. LEXIS 21461 (D.V.I. App. Div. 1993).

**III. ISSUES PRESENTED**

We are asked to decide whether the Virgin Islands

sentencing scheme for second degree murder is void for

vagueness; and whether there was a clear probability that the

trial judge was biased and deprived the Appellant of a fair

trial.

**IV.  ANALYSIS**

**A. Whether 14 V.I.C. § 923(b) is void for vagueness.**[13]

---

[13] The Appellant relies on a catch-all provision in *United States v. Bruney*, to support his contention that the statute at issue is vague. 866 F. Supp. 874, 878 (D.V.I. 1994)(*Bruney* concerned the proper sentence for attempted second degree murder)(Appellant's Brief at 11.) We, however, find this contention unavailing, because, the sentence for an attempt-offense is not at issue in this appeal.

Unlike sentencing for second degree murder, where sentencing for attempt crimes is concerned, the V.I. Code provides a catch-all statutory maximum. *See* 14 V.I.C. § 331 ("not more than half of the maximum [sentencing] term" for the commission of the crime attempted). The catch-all provision

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 10

Martinez, first argues that his conviction cannot stand because the Virgin Islands second degree murder statute is void for vagueness. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1986)(citations omitted). A statute is void for vagueness if it is "in terms so vague that men of common intelligence must necessarily guess at its meaning . . ." *Gov't of the V.I. v. Steven*, 134 F.3d 526, 527-28 (3d Cir. 1998). Conversely, a statute "meets the constitutional standard of certainty if its language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Id.* at 527-528 (citing *United States v. Wise*, 550 F.2d 1180, 1186 (9th Cir. 1977)).[14] To

---

that the Appellant cites to provides for a five-year sentence for felonies "where no punishment is otherwise prescribed." *See Bruney*, 866 F.Supp. 878 (emphasis added); *see also* V.I. Code Ann. tit. 14, § 3(a)(1). In contrast, the statute at issue here provides for a minimum sentence of five years.

[14]Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts as applied to the case at hand. *United States v. Mazurie*, 419 U.S. 544, 550 (1975) (citations omitted); *see also United States v. Powell*, 423 U.S. 87, 92-93 (1975) (citations omitted); *United States v. National Dairy Products Corp.*, 372

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 11

prevail on a vagueness challenge, it is not sufficient to show

that the statute may be generally vague in relation to others;

rather, a defendant must establish that the challenged statute

is unconstitutionally vague as personally applied to his

circumstance. *See Village of Hoffman Estates v. Flipside,*

*Hoffman Estates, Inc.* 455 U.S. 489, 494-495, (1982).[15]

   14 V.I.C. § 923 provides that,

   (a)   Whoever commits murder in the first degree
         shall be imprisoned for life.

   (b)   Whoever commits murder in the second degree
         shall be imprisoned for not less than 5 years.

*Id.*

   The Appellant argues that the Section 923(b) is void for

vagueness because it provides no maximum sentence and argues

that,

         Courts in the Virgin Island[sic] are allowed to
         sentence persons who plead guilty to second degree
         murder to terms that are greatly in excess to the

_____

U.S. 29, 32-36 (1963)(citations omitted); *see also Soto v.*
*Gov't of the Virgin Islands*, 344 F. Supp. 2d 450, 454 (D.V.I.
App. Div. 2004) (citing *Village of Hoffman Estates v. Flipside,*
*Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982)(citations
omitted) (a party mounting a vagueness challenge must establish
that the statute is vague as applied to his individual
circumstance and may not complain that the statute is generally
vague as applied to others)).

[15] The Supreme Court has consistently sought an interpretation
which supports the constitutionality of legislation challenged
as vague. *See*, *e.g.*, *United States v. Rumely*, 345 U.S. 41, 47
(1953); *Crowell v. Benson*, 285 U.S. 22, 62 (1932); *see also*
*Screws v. United States*, 325 U.S. 91 (1945).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 12

> number of years that would constitute a life
> sentence [hence] there is absolutely no reason to
> have a second degree murder statute.

(Appellant's Brief at 13.)

Martinez' vagueness challenge is without merit. A statute "meets the constitutional standard of certainty if its language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Steven*, 134 F.3d at 527-28. Here, Martinez was ultimately sentenced to a term of years. Where a term of years is imposed, the language of section 923(b) and a firm line of published cases affirming the sentencing scheme's propriety, satisfy the constitutional standards of notice and certainty.

Indeed, the maximum sentencing limit of the Virgin Islands second degree murder statute has been the subject of considerable appellate litigation. *See Ruiz v. United States*, 265, F.2d 500 (3d Cir. 1966); *Warner v. Gov't of the V.I.*, 340 F.Supp. 2d 583 (D.V.I. App. Div. 2004); *Henry v. Gov't of the V.I.*, 340 F.Supp. 2d 583 (D.V.I. App. Div. 2004). The jurisprudence arising from these cases stand together for the clear proposition that, where a person is sentenced under 14 V.I.C. § 923 (b) <u>for a definite term of years</u>, and is sentenced above the mandatory minimum term of five years, the statute meets constitutional muster.

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 13

In *Ruiz v. United States*, the Third Circuit Court of Appeals first addressed a habeas challenge to 14 V.I.C. § 923 (b) where, like here, the trial court initially imposed a life sentence on the petitioner. 365 F.2d 500, 501 (3d Cir. 1966). The *Ruiz* court posited that,

> We think that the dichotomy of § 923 compels the conclusion that the penalty, imprisonment for a period of not less than five years, imposed for the lesser offense, is intended to be less severe than the greater penalty, imprisonment for life, imposed for the greater offense, and must, therefore, be something which is ordinarily less than life imprisonment, namely, imprisonment for a definite term of years. **This is not to say that a sentence to a term of years** may not in fact turn out to be longer than the prisoner's actual remaining span of life or that under some circumstances a term of years **greater than the prisoner's life expectancy may not be imposed.** It is merely to say that the statutory mandate is to impose life imprisonment for first degree murder and imprisonment for a fixed definite term of years, and that only, for murder in the second degree.

*Id.* at 501 (emphasis added).

In *Gov't of the Virgin Islands v. Berry*, The Third Circuit reaffirmed its *Ruiz* holding noting that,

> The Virgin Islands legislature has established a minimum sentence and no maximum sentence for second-degree murder. **There is an upper limit to the sentence in the sense that a sentence for second-degree murder under §[sic] 923 must be for a fixed term of years and may not be a sentence of life imprisonment.**

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 14

631 F.2d 214, 218 (3d Cir. 1980)(emphasis

added)(internal citations omitted)(reviewing eighth

amendment challenge)(citing *Ruiz*, 365 F.2d 500))).

    *Ruiz* was reinforced in *Warner v. United States*, where this

Court, in line with Third Circuit jurisprudence, held that,

      **Where a statute such as section 923(b) leaves open**
      **the maximum penalty which may be imposed, the court**
      **is left to exercise its discretion in setting a**
      **fixed term of years appropriate to the crime and**
      **the defendant**.

332 F. Supp. 2d at 812 (emphasis added).

    Indeed, over a decade ago, when Martinez filed his direct

appeal, he challenged the constitutionality of §923(b) on

eighth amendment grounds. *See Gov't of the Virgin Islands v.*

*Martinez*, 1999 U.S. Dist. LEXIS 20045 (D.V.I. App. Div. 1999).

This Court upheld the statute under *Ruiz* and its progeny. *Id.*

(affirming the trial court's sentencing decision and noting

that the 75 year sentence for second degree murder fell within

the broad ambit of § 923(b)).

    In sum, the absence of an upper-limit sentence for second

degree murder does not render § 923 (b) void for vagueness. For

the past forty years, *Ruiz* and its progeny have warned criminal

defendants that § 923(b) permissibly leaves wide discretion for

sentencing judges to impose a sentence for a term of years on a

person convicted of second degree murder. *Ruiz*, 365 F.2d at

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 15

501; *Berry*, 631 F.2d at 218; *Warner*, 332 F. Supp. 2d at 812.
Moreover, when Martinez entered his plea, the trial judge
explicitly warned this particular defendant, in plain language,
that he could be sentenced to a period that exceeded the term
recommended by the Virgin Islands Attorney General's office.
(Plea Hr'g Tr. 6-7, Nov. 6, 1997.)  Martinez acknowledged and
accepted this risk during his sentencing. (*See id.*) Thus, we
can identify no uncertainty or ambiguity that render the
statute or proceedings in question unconstitutionally void for
vagueness as applied to Martinez.

We note that, although Martinez couches his habeas
petition in vagueness language, the core of his argument
challenges the trial court's sentencing discretion.[16]  However,
as we underscored in Martinez' direct appeal, the Virgin
Islands legislature clearly set no sentencing ceiling for
attempted second degree murder. *See id.* Hence, when trial
judges impose a sentence under § 923(b) for a term of years,
reviewing courts defer to their wide discretion because they
are in the best position to "evaluate the total person who

_____

[16] In this collateral habeas appeal, Martinez argues that the
sentencing statute is void because it leaves the upper limit
sentence to the trial judge's discretion so long as a "life
sentence" is not imposed.  Hence, while vagueness is angled as
the legal premise, Martinez ultimately challenges the
sentencing scheme's deference to the trial judge's discretion.

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 16

stands at the bar of justice," considering all the "impressions gleaned through the senses."[17] *Martinez*, 1999 U.S. Dist. LEXIS 20045, at *9 (citing *Del Piano v. United States*, 575 F.2d 1066, 1069 (3d Cir. 1978)); *see also Ruiz*, 365 F.2d at 501. These impressions are suited to the traditional goals of sentencing, which are: retribution, rehabilitation, deterrence and incapacitation. *See Martinez*, 1999 U.S. Dist. LEXIS 20045, at *9 (citing *Mistretta v. United States*, 488 U.S. 361 (1989)).

Here, after we denied Martinez' sentencing challenge on direct appeal, the trial court nonetheless reduced his sentence from 75 to 35 years. Where the statute is not void for vagueness and there was no illegal procedure or irregularity in Martinez' sentencing; we defer to the trial court's discretion.[18] *See Gov't of the Virgin Islands v. Venzen*, 424

---

[17] Martinez urges us to look to other jurisdictions, for the proposition that criminal statutes that set no maximum penalty, are facially impermissible. (Appellant's Brief at 13-14)(citing *State of Louisiana v. Piazza*, 596 So.2d. 817 (1992)). However, that has never been the standard in the Third Circuit or the Virgin Islands. *See, e.g., Ruiz*, 631 F.2d 214, 218; *Henry v. Gov't of the Virgin Islands*, 340 F. Supp. 2d 583, 588 (D.V.I. App. Div. 2004)(noting that open-ended statute required judge only to set sentence for a definite term of years, considering the traditional goals of sentencing and the particular defendant); *see also Garcia v. Gov't of the Virgin Islands*, 2006 U.S. Dist. LEXIS 76248 (D.V.I. App. Div. 2006)(same))).

[18] It is well established that, a sentence that falls within statutory limits is presumptively valid and will not be reversed absent a showing of improper procedure or abuse of discretion. *Hutto v Davis*, 454 U.S. 370, 374 (1982); *see also*

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 17

F.2d 521 (3d Cir. 1970)(a sentence within the statutory limits

is subject only to limited review).

Applying *Ruiz'*, we cannot say that §923(b) was vague as

applied to Martinez, that the trial court abused its discretion

during sentencing or that a constitutional error occurred below

of such magnitude that it had a substantial and injurious

effect on Martinez' proceedings. Accordingly, we affirm the

Superior Court's decision denying Martinez' habeas challenge to

his sentence.

### 2.    Whether the Superior Court erred when it rejected the Appellant's bias argument

Martinez raises two judicial bias arguments. He argues

that the trial judge's decision to reduce his sentence and her

recusal from his habeas petition evidence judicial bias. He

also contends that the trial judge was biased because Iris

Pemberton, who served as the trial judge's regular courtroom

bailiff during Martinez' proceedings, was the victim's aunt.

It is a fundamental tenet of our system of justice that a

fair and impartial tribunal is a basic requirement of due

---

*Gov't of the Virgin Islands v. Richardson*, 498 F.2d 892, 894,
(3d Cir. 1974) (noting that it would not examine a sentence
that is within the statutory limitations, absent a showing of
illegality or abuse of discretion manifested in the sentencing
procedure); *Martinez*, 42 V.I. at 150-51 (upholding a sentence
for 75 years for second degree murder and ten years for
possession of a firearm during a crime of violence because
there were no procedural irregularities below).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 18

process. *See e.g., In re Murchison*, 349 U.S. 133 (1955); *see also Gov't of Virgin Islands v. Gereau*, 502 F.2d 914, 933 (3d Cir. 1974), *reversed on other grounds*. To this end, V.I. Code Ann. tit. 4, § 284(4), provides in pertinent part that,

> No judge or justice shall sit or act as such in any action or proceeding
>
> . . .
>
> (4) When it is made to appear probable that, by reason of bias or prejudice a fair and impartial trial cannot be had before him.

*Id.*[19]

Under 4 V.I.C. § 284, a movant "must allege facts reflecting a clear probability that the judge is biased."[20] *Prior v. Innovative Communs. Corp.*, 2000 U.S. Dist. LEXIS 12584 (D.V.I. 2000); *De Olivera v. Armstrong*, Civ. No. 1977-111, slip. op. (D.V.I. 1977) (emphasis added); *see also Gereau*, 502 F.2d 914 at 931. V.I. Code Ann. tit. 4, § 284(4) further

_____

[19] Similarly, the federal recusal rule at 28 U.S.C. § 455 mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a)-(b); *In re Recusal Motion*, 118 F. Supp. 2d 622 (D.V.I. 2000).

[20] Conversely, under 28 U.S.C. § 455, the movant need only show that the court's "impartiality might reasonably be questioned," but the movant's allegations may be examined for their truth. *See In re Recusal Motion*, 118 F. Supp. 2d at 624 n.3 (emphasis added). In contrast, under 4 V.I.C. § 284, a movant's factual allegations are presumed as true. *Prior*, 2000 U.S. Dist. LEXIS 12584, at *2.

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 19

provides that, "challenges to the competency of a judge are
permissible only when his disqualification is clear . . ." *See
id.; see also Gereau*, 502 F.2d at 932. As the Third Circuit has
noted, in a section 284(4) analysis, "[t]he sole ground
relevant here is the probability 'that, by reason of bias or
prejudice of such judge, a fair and impartial trial cannot be
had before him.'" [21] *See Gereau*, 502 F.2d at 932-33 (citing 4
V.I.C. § 284(4) and rejecting a claim of judicial bias where
movant alleged that judge held *ex parte* discussions with
government attorneys).

Martinez argues that Judge Cabret's bailiff's relation to
the victim, and the sentence imposed, considered together with
the trial judge's later recusal from Martinez' habeas

---

[21] In *Prior v. Innovative*, the defendant moved for recusal of a
Virgin Islands District Court judge. *Prior*, 2000 U.S. Dist.
LEXIS 12584. The defendant raised three arguments; first, that
the judge and the plaintiff had played tennis with and against
each other on a fairly regular basis for several years; second,
that in a prior divorce action, the same judge had imposed
sanctions against the defendant that were later reversed on
appeal; and finally, that the defendant argued that he had
heard that court employees leaked negative information about
him to the media. *Id.*, at *9-11. In *Prior*, the trial judge
recused himself out of an abundance of caution because of his
long-standing tennis relationship with the corporate plaintiff.
*Id*. However, the court noted that "disqualification requires
proof of personal bias, not adverse attitudes based on the
study of facts, depositions or briefs" and explicitly rejected
the petitioner's more tenuous arguments of court employees
leaking information and the court's imposition of sanctions on
the defendant in a prior case *Id.*, at *10 (citing *United States
v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) and *Joseph v.
Zinke-Smith, Inc.*, 6 V.I. 219, 223 (Mun. Ct. 1967)).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 20

proceedings, prove that Martinez was denied fair sentencing.

(Appellant's Brief at 19-21.) We address Martinez' sentencing

argument first.

The trial judge initially sentenced Martinez to an

impermissible "life" term. She then reduced it to a term of 75

years, then subsequently reduced his sentence to a term of 35

years.[22]  Martinez argues that the trial judge's differing

_____

[22] When this Court addressed Martinez' direct appeal, we held
that the 75 year sentencing term imposed by the trial court,
was not grossly disproportionate to the crime and noted that
the record reflected,

> [T]he kinds of aggravated circumstances that support
> judicial discretion in favor of  a more severe
> penalty. Martinez shot the victim from behind  and
> seven more times after he was already down, three of
> which were to the back of the head. According to the
> witnesses, Martinez calmly walked around the fallen
> victim, methodically and repeatedly shooting him.
> Additionally, the trial court noted the facts before
> it tending to show that this was a revengeful,
> purposeful killing.

*Virgin Islands v. Martinez*, 1999 U.S. Dist. LEXIS 20045, at
*10-11 (D.V.I. App. Div. 1999)(citing *Harmelin v. Michigan*, 501
U.S. 957, 959 (1991) (In allowing a sentence of life
imprisonment without the possibility of parole for possession
of over 650 grams of cocaine, the high Court ruled that the
"Eighth Amendment does not require strict proportionality
between the crime and the sentence, but rather forbids only
extreme sentences that are grossly disproportionate to the
crime."); *see also Solem v. Helm*, 463 U.S. 277, 291 n.17 (1983)
("The inherent nature of our federal system and the need for
individualized sentencing decisions result in a wide range of
constitutional sentences. Thus, no single criterion can
identify when a sentence is so grossly disproportionate that it
violates the Eighth Amendment.").

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 21

sentences are evidence of judicial bias. However, in a variety
of contexts, courts in this jurisdiction have held that even
judicial error is not evidence of bias sufficient to support
recusal or disqualification. [23] *See, e.g., Mayberry v. Maroney,*
558 F.2d 1159, 1162-63 (3d Cir. 1977) (rejecting any inference
of partiality based on errors committed by trial court);
*Stephen v. Antigua Brewery, Ltd.,* 88 F. Supp. 2d 422, 425
(D.V.I. 2000) ("errors sometimes arise out of judicial
proceedings, but they do not generally provide grounds for
recusal"). We accordingly reject Martinez' appeal on this
basis. [24]

   The crux of Martinez' bias argument is that the judge's
bailiff was related to the victim.  However, the Third Circuit
Court of Appeals has held that evidence of prejudice deriving
from the judge's background and associations, rather than her
appraisal of the parties personally, is not a proper basis for

---

[23] *Jones v. Pittsburgh Nat. Corp.,* 899 F.2d 1350, 1357 (3d Cir.
1990) (perceiving no appearance of bias in trial court's
imposition of personal sanctions upon attorney without due
process of law); *Johnson v. Trueblood,* 629 F.2d 287, 291 (3d
Cir. 1980).

[24] Also, rather than demonstrating bias as Martinez argues, the
timing of the recusal (coming *after* Martinez alleged that Judge
Cabret was biased) militates against a finding of bias.

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 22

disqualification. [25] *United States v. Schreiber*, 599 F.2d 534,

538 (3d Cir. 1979); *Parker Precision Products Co. v.*

*Metropolitan Life Insurance Co.*, 407 F.2d 1070, 1077-78 (3d

Cir. 1969). Here, Martinez' bias argument is buttressed solely

upon the victim's association with the bailiff and the

bailiff's corresponding association with the trial judge.

However, he fails to cite any support whatsoever for his

contention that the sentencing judge harbored a personal bias

against him. Without evidence of the judge's personal bias,

Martinez' argument cannot prevail. *See, e.g., id.* at 407 F.2d

at 1077-78 (to force judicial recusal based on bias, the movant

must give fair support to the charge of bent of mind that may

prevent or impede impartiality of judgment).

_____

[25] It is well-established that disqualification requires proof of
personal bias, not adverse attitudes based on the study
of facts, depositions, or briefs. *See Joseph v. Zinke-Smith,*
*Inc.*, 6 V.I. 219, 223 (Mun. Ct. 1967); *see also United States*
*v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Adverse or
erroneous judicial decisions are not grounds for recusal. *See*
*also In re Recusal Motion*, 118 F. Supp. 2d 622, 630 (*citing*
*Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir.
1990) (citing *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir.
1980)); *see also Stephen v. Antigua Brewery, Ltd.*, 88 F. Supp.
2d 422, 425 (D.V.I. 2000).

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 23

## V.   CONCLUSION[26]

For the foregoing reasons, we conclude that the Virgin

Islands sentencing scheme for second degree murder is not void

for vagueness where it leaves upper sentencing limits to the

trial judge's discretion. We also conclude that the Appellant

has neither sufficiently demonstrated that there was a

reasonable probability that the sentencing judge was biased

against him, nor has he established an error of constitutional

magnitude that had substantial injurious effects on his

---

[26] We highlight that the Government has failed to actively
participate in this appellate litigation. On September 25,
2006, this Court issued a briefing schedule.  On January 17,
2007, the Appellant filed a comprehensive brief.   The
Government subsequently filed several procedural motions
challenging this court's jurisdiction over this matter.
However, the Government did not file a substantive brief on the
merits. On March 1, 2011, after the procedural issues that had
been raised were addressed, the Clerk of this Court issued yet
a second briefing schedule requiring the Government to file its
brief on or before March 21, 2011.  On March 18, 2001, the
Government moved to hold the briefing schedule in abeyance. The
Court denied that motion. To date, the Government has failed to
file its brief.
      The Government's failure to participate on its own
volition is inexcusable. Its lethargy is aggravated by its
refusal to comply with this Court's order. We pause to remind
the Government, in clear terms, that "a judicial order is not a
request or an invitation; it is an order." *See, e.g., Benta v.
Bryan*, 2011 U.S. App. LEXIS 6664, at *14-15 (3d Cir. Mar. 31,
2011)(internal citations and quotations omitted); *see also
Reitz v. County of Bucks*, 125 F.3d 139 (3d Cir. 1997)
(explaining that it is "incomprehensible that [an attorney]
faced with [] an order [to file a brief] would not know that he
should comply timely and that a failure to do so would
undermine the authority of the court").

*Johnny Martinez v. Gov't of the Virgin Islands*
D.C. Civ. App. No. 2005/0052
Memorandum Opinion
Page 24

sentencing proceedings. Accordingly, we **AFFIRM** the trial

court's denial of the Appellant's petition for writ of habeas

corpus.